**IN THE UNITED STATES DISTRICT OF COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| JOHN MORGAN and ) <br> MONA MORGAN ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITRIN AUTO AND HOME ) <br> INSURANCE COMPANY d/b/a ) <br> KEMPER PREFERRED ) <br> INSURANCE COMPANY, ) <br> ) <br>     Defendant. ) | Case No. 3:14-cv-00519 <br> JUDGE NIXON <br> MAGISTRATE JUDGE KNOWLES |

# INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**:

    A.    **Jurisdiction**: The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Jurisdiction is not disputed. Venue in the Middle District of Tennessee is not in dispute.

    B.    **Plaintiff's theory of the case**: The Plaintiffs are homeowners who purchased a homeowner's insurance policy ("Policy") from Defendant. The Plaintiffs made a claim under their Policy for sinkhole damage to their home. Defendant denied that damage to the home was the result of sinkhole activity. As a consequence, Defendant denied the claim. Tenn. Code Ann. § 56-7-130 provides that coverage must be made available for sinkhole activity and provides the minimum standards of investigating a sinkhole claim. Coverage was denied to this Plaintiff, and the Defendant did not meet these minimum standards before denying the claim. The Defendant

– 1 –

has breached the Policy by failing to pay all benefits due under the Policy. Additionally, Defendant did not handle the claim in good faith.

C. **Defendant's theory of the case**: The Defendant, Unitrin Auto and Home Insurance Company, admits that it issued a policy of insurance to Plaintiff that was in effect at the time that Plaintiff alleges that their property was damaged as a result of sinkhole activity. Defendant denies that Kemper Preferred Insurance Company is a correct party to this litigation or that said entity has any responsibility herein. Defendant also admits that it sent a professional engineer to Plaintiff's property; however, Defendant asserts that the damage alleged is not sinkhole-related damages covered under the Unitrin Auto and Home Insurance Company policy. Defendant further avers that the damage to Plaintiff's home is not covered because the damage was not "sudden".

D. ISSUES RESOLVED: Jurisdiction and venue.

E. ISSUES STILL IN DISPUTE: Liability and damages.

F. MANDATORY INITIAL DISCLOSURES: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures
on or before June 7, 2014.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before December 6, 2014. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. The deadline for filing discovery-related motions is December 16, 2014.

H.  MOTIONS TO AMEND:  The parties shall file all Motions to Amend the Pleadings is on or before December 1, 2014.

I.  DISCLOSURE OF EXPERTS:  Plaintiff shall identify and disclose all expert witnesses and expert reports on or before January 15, 2015. Defendant shall identify and disclose all expert witnesses and reports on or before February 15, 2015.

J.  DEPOSITIONS OF EXPERT WITNESSES:  The parties shall depose all expert witnesses on or before April 15, 2015.

K.  JOINT MEDIATION REPORT:  The parties shall file a joint mediation report on or before May 15, 2015.

L.  DISPOSITIVE MOTIONS:  The parties shall file all dispositive motions on or before _May 15, 2015.  Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion.  Optional replies may be filed within ten (10) days after the filing of the response.   Briefs shall not exceed 20 pages.
.
.
.
.

M.  ELECTRONIC DISCOVERY:  The parties will attempt to reach an agreement on how to conduct electronic discovery on a consensual basis.  Until such time, the parties will conduct electronic discovery pursuant to the default standard contained in Administrative Order No. 174.

N. TRIAL:  The trial is set for September 22, 2015, before Judge Nixon, to last 4 days. The pretrial conference is set for September 11, 2015, at 10:00 a.m.

It is so **ORDERED**.

**ENTERED** May ____, 2014

_____
**Magistrate Judge E. Clifton Knowles**
**United States Magistrate Judge**